FILED

2016 Dec-20  AM 08:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WESTERN DIVISION

| | | |
|---|---|---|
| TESHAUNA GEE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; AND TRANS UNION, LLC, | ) | <u>JURY TRIAL DEMANDED</u> |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Teshauna Gee ("Ms. Gee" or "Plaintiff"), and with knowledge as to her own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants Equifax Information Services LLC and TransUnion LLC.

2.     Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information concerning consumers compiled and sold to users by consumer reporting agencies ("CRAs").

3.     On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4.     The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5.     Toward this end, Congress provided "powerful new tools" to consumers, including the right to dispute information due to fraud, obtain free credit reports due to identity theft and the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as "credit reports").

---

[1]   http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html   as of December 14, 2016.

[2]   Pub. L. No. 108-159 (2003)  http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf   as of December 14, 2016.

6.    FACTA also imposes additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

## JURISDICTION & VENUE

7.    This Court has jurisdiction of this action for violations of the Fair Credit Reporting Act pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8.    Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

9.    Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

10.    Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

11.    Equifax and Trans Union are referred to throughout as the "Defendants."

## FACTUAL ALLEGATIONS

12.    Plaintiff is a victim of identity theft.

13.    An impostor used Plaintiff's personal identifying information to apply for and open accounts without Plaintiff's authorization or consent.

14.    The imposter opened fraudulent accounts with creditors, including

Verizon Wireless, and possibly others.

15.     Plaintiff reported the fraud to the Northport Police Department.

16.     The Northport Police Department police department categorized the type of incident or offense as "identity theft."

17.     Defendants have been reporting false, derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history, personal identifying information and inquiries to third parties (hereinafter the "false information").

18.     The false information includes a collection account with Verizon Wireless, Verizon Wireless inquiries and personal identifying information that do not belong to Plaintiff.

19.     The Verizon Wireless account was reported by at least one of the Defendants with the trade line Verizon Wireless and with the status "Collection account, $3,107 past due as of May 2016."

20.     The information is false because Plaintiff did not open an account with Verizon Wireless.

21.     The balance, account ownership, payment history and inquiries related to the Verizon Wireless account are false because an impostor opened the account.

22.     Defendants provided false information to a third parties in a credit report pertaining to Plaintiff.

23.     The false information negatively reflects on Plaintiff, her credit

4

history, financial responsibility as a debtor and her credit worthiness.

24.     Equifax prepared and issued credit reports concerning Plaintiff that include the false information.  Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting.  Equifax continued to report inaccurate information.  On at least one occasion, Equifax failed to reinvestigate information disputed by Plaintiff or provide Plaintiff with the results of its reinvestigation, or both.   Plaintiff asked Equifax to provide her with the steps it undertook while reinvestigating the disputed information.   On at least one occasion, Equifax failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.  Plaintiff provided Equifax with a police report in support of her dispute.  On at least one occasion, Equifax did not block disputed information or notify Plaintiff that it blocked the disputed information from Plaintiff's credit file after receipt of the police report, or both.  Plaintiff asked Equifax to truncate her Social Security number on her consumer disclosure.  On at least one occasion, Equifax failed to truncate Plaintiff's Social Security number.

25.     Plaintiff notified Trans Union that she disputed the accuracy of the information Trans Union was reporting.  Trans Union continued to report false information.   On at least one occasion, Trans Union failed to reinvestigate information disputed by Plaintiff or provide Plaintiff with the results of its

reinvestigation, or both.  Plaintiff provided Trans Union with notice of her dispute and included a police report. Trans Union failed to block disputed information or notify Plaintiff that it refused to block disputed information.  Plaintiff asked Trans Union to provide her with the steps it undertook while reinvestigating the disputed information.  On at least one occasion, Trans Union failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.

26.     As a result of Defendants' failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, including economic loss, out of pocket expenses, damage to reputation, reduction in credit score, unfavorable credit terms, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

FIRST CLAIM FOR RELIEF
(against Trans Union)
(Negligent Noncompliance with FCRA)

27.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

28.     Trans Union negligently failed to comply with the requirements of the FCRA.

29.     As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, including economic loss, out of

pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

30.    Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

SECOND CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

31.    Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

32.    Trans Union willfully failed to comply with the requirements of the FCRA.

33.    As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, including economic loss, out of pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

34.    Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

THIRD CLAIM FOR RELIEF
(against Equifax)
(Negligent Noncompliance with FCRA)

35.    Plaintiff adopts and realleges the foregoing paragraphs and

incorporates them herein by reference.

36.     Equifax negligently failed to comply with the requirements of the FCRA.

37.     As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, including economic loss, out of pocket expenses, damage to reputation, reduction in credit score, unfavorable credit terms, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

38.     Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF
(against Equifax)
(Willful Noncompliance with FCRA)

39.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

40.     Equifax willfully failed to comply with the requirements of the FCRA.

41.     As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, including economic loss, out of pocket expenses, damage to reputation, reduction in credit score, unfavorable credit terms, invasion of privacy, emotional distress and interference with Plaintiff's normal and

usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

42.   Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

43.   Plaintiff requests a jury trial on all issues so triable.

PRAYER

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

On the First Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Attorney's fees;

3.    Costs and expenses incurred in the action;

On the Second Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory and punitive damages to be determined by the jury;

3.    Attorney's fees; and

4.    Costs and expenses incurred in the action.

On the Third Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Attorney's fees;

3.    Costs and expenses incurred in the action;

On the Fourth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorney's fees; and

4.      Costs and expenses incurred in the action.


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**


Respectfully submitted,

***/s/ Micah S. Adkins***
Micah S. Adkins (ASB-8639-I48A)
**THE ADKINS FIRM, P.C.**
301 19th Street North, Suite 581
Birmingham, AL  35203
Telephone:  (205) 206-6718
Facsimile:  (205) 208-9632
Email:       MicahAdkins@ItsYourCreditReport.com
*Representing Plaintiff*